**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:05CV59-MR-DCK**

| | |
|---|---|
| PAUL ANTONIO ERVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| R.F. HAMMOND, JR., J.C. LONG, ) | |
| CAPTAIN LEVINS, D.L. KELLOUGH, ) | |
| RON STARLING, E. NORRIS TOLSON, ) | |
| E.D. DUFT, and ) | |
| JAMES A. SMALLRIDGE ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Compel . . ." and accompanying memorandum (Document No. 32) filed by the Plaintiff, Paul Antonio Ervin, on April 29, 2007; the "Response to Plaintiff's Motion to Compel" (Document No. 33) filed by Defendants R. F. (Bobby) Hammond, Jr., Ron Starling and E. Norris Tolson on May 7, 2007; and "Defendants Long, Levins, Kellough, Duft and Smallridge's Response to Plaintiff's Motion to Compel" (Document No. 34) filed on May 9, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review. Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully <u>deny</u> the motion.

In his motion and memorandum, the Plaintiff in essence asks the Court–before discovery has commenced–to preemptively exclude from discovery, and also from any future trial, certain information. Specifically, in his motion, the Plaintiff states as follows:

> Plaintiff Paul A. Ervin/Pro Se Litigant ask[s] that the Court would please instruct Defendants . . . that all alleged statements made by officers about what Plaintiff allegedly said while Plaintiff was in custody on 4/2/02, even if true, was obtained in violation of Plaintiff's legal rights as defined in *Miranda v. Arizona*. Plaintiff respectfully ask that any and all old or new statements be bound by this order and not presented at pre-trial, depositions, trial, opening statements or closing arguments.

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery in civil litigation. In pertinent part, that rule states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discovery matter. For good cause the Court may order discovery of any matter relevant to the subject matter involved in the action. <u>Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence</u>.

(Emphasis added).

Once discovery commences in the case, if the Plaintiff wishes to seek relief from certain discovery propounded by the Defendants, he can seek that relief by motion at that time. Likewise, if the Plaintiff wishes to seek the exclusion of certain evidence in the case from use at a future trial, the Plaintiff can seek that relief by motion at that time. The Court declines however to declare at this early stage of the litigation that the statements referred to in the Plaintiff's motion must be excluded from the discovery and trial of this matter. This is without prejudice to the Plaintiff's right to bring a future motion, if appropriate, to seek such relief.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Compel (Document No. 32) is hereby **DENIED**.

Signed: November 5, 2007

David C. Keesler
United States Magistrate Judge